**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4386**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIA JANELLE SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:19-cr-00622-TDS-1)

Submitted: April 27, 2021                    Decided: April 30, 2021

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant. Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tia Janelle Smith pled guilty, pursuant to a written plea agreement, to one count of using a communication facility to facilitate distribution of oxycodone, in violation of 21 U.S.C. § 843(b). The district court sentenced Smith to two years' probation. Her attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning the court's compliance with Fed. R. Crim. P. 11 when accepting Smith's guilty plea, and the reasonableness of Smith's sentence. Although informed of her right to file a supplemental pro se brief, Smith has not done so. The Government also declined to file a brief. We affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the nature of the charge to which she is pleading guilty, the maximum possible penalty she faces, and the various rights she is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d at 622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).

Because Smith did not move to withdraw her guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir.

2014). To prevail under the plain error standard, Smith "must demonstrate not only that the district court plainly erred, but also that this error affected [her] substantial rights." *Id.* at 816. "In the Rule 11 context, this inquiry means that [Smith] must demonstrate a reasonable probability that, but for the error, [s]he would not have pleaded guilty." *Id.* (internal quotation marks omitted). We conclude that the district court substantially complied with Rule 11 and that any omissions did not affect Smith's substantial rights. Moreover, the court ensured that Smith entered the plea knowingly and voluntarily and that sufficient facts supported the plea. *See Fisher*, 711 F.3d at 464 (summarizing standard as to the voluntariness of guilty pleas). Accordingly, we affirm Smith's conviction.

Smith also questions the reasonableness of the sentence imposed. We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id.* If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances . . . ." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court adopted Smith's correctly calculated Guidelines range of 12 to 18 months' imprisonment. The court afforded counsel an opportunity to argue regarding an appropriate sentence, and afforded Smith an opportunity to allocute.

3

The court heard and considered the Government's and Smith's counsel's arguments for a downward variance of home confinement. In explaining Smith's non-custodial, below-Guidelines sentence, the court reasoned that Smith was the least culpable of the defendants, even though she had brokered the drug deal, was young, had no criminal history, attended some college, and had a significant work history. Finally, the court weighed the 18 U.S.C § 3553(a) factors it deemed most relevant, particularly Smith's personal history, the serious nature of the offense, and the protection of the public from further crimes. We conclude that Smith has failed to rebut the presumption of reasonableness that we afford her below-Guidelines sentence. Thus, Smith's sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*